UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIANE THEMM,

    Plaintiff,

v.                                              Case No: 8:15-cv-55-T-30EAJ

TERVIS TUMBLER COMPANY,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Defendant's Motion to Dismiss Counts I-IV of Plaintiff's Amended Complaint and Incorporated Memorandum of Law (Dkt. #16), Plaintiff's Response in Opposition to the Motion (Dkt. #19), and Defendant's Motion to Convert Motion to Dismiss to Motion for Summary Judgment, or Alternatively, Motion to Strike Response and/or Leave to File a Reply (Dkt. # 20). Upon review and consideration, it is the Court's conclusion that the Motion should be denied without prejudice.

*Background*

Plaintiff, Diane Themm, sues Defendant, Tervis Tumbler Company ("Tervis") for employment discrimination pursuant to the Americans with Disabilities Act, as amended (the "ADA"), the Florida Civil Rights Act of 1992 ("FCRA"), and the Family and Medical Leave Act ("FMLA") alleging unlawful disability discrimination, retaliation, and

interference with the FMLA. On February 13, 2014, counsel for Themm filed a Charge for Discrimination (the "Charge") with the U.S. Equal Employment Opportunity Commission (the "EEOC"). The Charge was dual-filed with the Florida Commission on Human Relations ("FCHR") and included cover correspondence from Themm's attorney. Themm's attorney directed the EEOC to contact him regarding any documents related to Themm's claims.

Between September 16, 2013, and October 28, 2014, Themm's attorney contacted the EEOC six times requesting a Dismissal and Notice of Rights ("Right-to-Sue Letter") which would permit Themm to file a lawsuit. On October 29, 2014, Themm's attorney received communication from the EEOC's District Director that it already sent a Right-to-Sue Letter. The Right-to-Sue Letter, attached to Tervis's Motion, states that the EEOC mailed it to Themm's home address with courtesy copies to her counsel and opposing counsel on July 29, 2013.

Themm alleges in her Amended Complaint that she "did not discover [the contents of the Right-to-Sue Letter] until November 3, 2014." She further alleges that:

> Undersigned counsel has never received the Right to Sue Letter from the EEOC, who has now refused to reissue it. This action is filed within ninety (90) days of undersigned counsel's constructive notice of the issuance of the Right to Sue Letter. As the requests for the Right to Sue Letter were made by Plaintiff's counsel, the notice received by undersigned counsel triggers the 90-days to bring Plaintiff's administratively filed claims in a lawsuit. The fault for the failed delivery rests with the EEOC since it did not mail a copy of the Right to Sue Letter to undersigned counsel, which undersigned counsel expressly requested. This action was timely filed within 90-days of undersigned counsel's notice from the EEOC.

2

Plaintiff argues that she is entitled to equitable tolling of the statutory time limitation.

*Discussion*

### I. Motion to Dismiss Standard

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama,* 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank,* N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (internal citations and quotations omitted). "A complaint may not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8; *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Further, exhibits are part of a pleading "for all purposes." Fed.R.Civ.P. 10(c); *see Solis–Ramirez v. U.S. Dep't of Justice,* 758 F.2d 1426, 1430 (11th Cir. 1985) (per curiam) ("Under Rule 10(c) Federal Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion.").

On a motion to dismiss, the Court may consider matters judicially noticed. *La Grasta v. First Union Sec. Inc.,* 358 F.3d 840, 845 (11th Cir. 2004). These matters include documents which are central to plaintiff's claim whose authenticity is not challenged, whether the document is physically attached to the complaint or not, without converting the motion into one for summary judgment. *Speaker v. U.S. Dept. of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *SFM Holdings. Ltd. v. Banc of America Securities, LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).

## II.     Tervis's Motion to Dismiss

Tervis moves for dismissal with prejudice of Themm's causes of action for disability discrimination and retaliation under the ADA and the FCRA stating that the Amended Complaint does not sufficiently plead that she exhausted all administrative remedies. It argues that since the Amended Complaint is silent as to when Themm actually received the Right-to-Sue Letter, the Court must apply a three-day presumption of receipt. If the Court applies the three-day presumption as urged by Tervis, Themm is deemed to have received the Right-to-Sue Letter on August 1, 2013, which makes her causes of action for disability discrimination and retaliation under the ADA and FCRA time barred as a matter of law.

Tervis further argues that Themm's Response to the Motion raises factual issues not alleged in the Amended Complaint and attaches documents that are not referenced in the Amended Complaint. Therefore, the Court should either strike those portions of the

4

Response or convert the Motion into a summary judgment motion, or alternatively permit it to file a reply.

Themm argues that equitable tolling should apply, relying on *Stallworth v. Wells Fargo Armored Services Corp.*, 936 F.2d 522 (11th Cir. 1991). She argues that she is entitled to tolling because her attorney explicitly directed that all correspondence go through his office, sent six written requests for the Right-to-Sue Letter to the EEOC, and the EEOC still sent the letter directly to Plaintiff. Themm argues that under these factual circumstances, the ninety-day period should run from when her attorney received notice.

The ADA requires that plaintiffs comply with the same procedural requirement set out in Title VII of the Civil Rights Act of 1964. *See Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999). Specifically, after a plaintiff files a Charge of Discrimination with the EEOC, the plaintiff must file the complaint in the district court within 90 days of receipt of a right-to-sue letter from the EEOC. *Miller v. Georgia*, 223 Fed. App'x 842, 844 (11th Cir. 2007). Further, under the FCRA, plaintiffs must file a complaint within one year of either the FCHR's determination of reasonable cause or its failure to act within 180 days. *See* Fla. Stat. § 760.11(4) - (5), (8). When a Charge is dual-filed, as it was in this case, the FCHR may defer the investigation to the EEOC. *Id*. at § 760.11(2).

Generally, "statutory notification is complete only upon actual receipt of the right to sue letter." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005)). If the date of receipt is unclear, however, the Eleventh Circuit places the burden of proof on the plaintiff to establish that the lawsuit is timely. *Id.* at 951. ("Once a defendant contests the

5

issue of whether the complaint was timely filed, the plaintiffs bear the burden of showing that they have met the requirement.").

The Eleventh Circuit "has refused to establish an inflexible rule [for] determining when a complainant" has actually received notice, opting instead for a case-by-case approach. *Bell v. Eagle Motor Lines*, 693 F.2d 1086, 1087 (11th Cir. 1982). A case-by-case analysis should balance the "liberal construction [to which] the act is entitled [] in order to fashion a fair and reasonable rule" while not entitling a plaintiff to "open ended-time extension[s] which could render the statutory limitation meaningless." *Id*. (quoting *Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1243 (11th Cir. 1982)). Ultimately, a "[p]laintiff should be required to assume some minimum responsibility ... for an orderly and expeditious resolution of his dispute." *Id*. Applying this principle, courts have looked to whether a plaintiff's own actions led to a failure to receive the right-to-sue letter, or alternatively, whether the letter was not received through events beyond a plaintiff's control. *See Zillyette*, 179 F.3d at 1339–40; *Lewis*, 673 F.2d at 1243.

Typically, courts decide this issue at summary judgment or after holding an evidentiary hearing, where it can review evidence regarding the circumstances surrounding plaintiff's receipt of the right-to-sue letter. *See, e.g. Stallworth,* 936 F.2d at 524 (evidentiary hearing), *Zillyette*, 179 F.3d at 1342 (summary judgment), *Kerr*, 427 F.3d at 948 (summary judgment); *Lewis*, 673 F.2d at 1241 (reversing dismissal with instructions to hold an evidentiary hearing).

The Court is reluctant at this point to determine as a matter of law that Themm's claims are barred and that she does not qualify for equitable tolling based on this limited

6

record. *See Page v. Postmaster Gen. & Chief Executive Officer of U.S. Postal Serv.*, 493 Fed. App'x. 994, 998 (11th Cir. 2012) (reversing dismissal for failure to sue within statutory period as premature where the district court did not hold an evidentiary hearing, nor did it inform the parties that it intended to convert the motion to dismiss into a motion for summary judgment).

The Amended Complaint alleges sufficient facts to notify Tervis that Themm will rely on an equitable tolling argument to establish that her complaint is timely. Therefore, the Court will permit Themm to proceed with her claims with the understanding that it is her ultimate burden to prove timely filing of these causes of action. The Court denies the Motion to Dismiss without prejudice to Tervis to raise this issue again at summary judgment after the record has been more fully developed.

Given that Themm has two claims, FMLA retaliation and interference, that survive any challenge to the timeliness of the ADA and FCRA claims, it is more efficient to permit the litigation to continue in its due course rather than have an evidentiary hearing or convert this motion to summary judgment at this time. The remaining issues before the Court are therefore moot.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss (Dkt. #16) is DENIED without prejudice.
2. Defendant's Motion to Convert Motion to Dismiss to Motion for Summary Judgment, or Alternatively, Motion to Strike Response and/or Leave to File a Reply (Dkt. # 20) is DENIED as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 23rd day of March, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2015\15-cv-55 mtd 16.docx